IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAULA MICHELLE GREEN,

    Plaintiff,

v.                                                      No. 2:22-cv-00480-KRS

HECTOR VASQUEZ and
STATE OF NEW MEXICO,

    Defendants.

## ORDER TO SHOW CAUSE AND FOR AMENDED COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed June 30, 2022 ("Complaint").

Plaintiff alleges that while she was driving, Defendant Vasquez, a retired New Mexico State Police Trooper, pulled her over and asked her "do you know that you are speeding in a construction zone?" Complaint at 5. Defendant Vasquez then told Plaintiff "there is a warrant out for your arrest" for an unpaid ticket and that "if you don't pay [$]330.00 you are going to jail." Complaint at 5. Plaintiff claims that her arrest was unlawful because she had paid the ticket and had the receipt on her phone. *See* Complaint at 3, 5. Plaintiff states "this happened three years ago" but does not indicate the date of the alleged unlawful arrest.

**Jurisdiction over Claims against State of New Mexico**

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to

address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" which states jurisdiction is invoked pursuant 28 U.S.C. § 1343(3) (which provides jurisdiction to redress deprivations of civil rights) and 42 U.S.C. § 1983 (which provides a remedy for deprivations of civil rights). The form Complaint prompts Plaintiff to list other statutes if Plaintiff wishes to assert jurisdiction under statutes other than 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983. Plaintiff listed "42 SECTION 1985, U.S.C. 2000DD AND 2000DD-0." Complaint at 2.

Plaintiff has not alleged facts supporting jurisdiction over her claims against the State of New Mexico. "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity ... [or a] state may ... waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181. Neither exception applies in this case. "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)); *Patillo v. Larned State Hosp.*, 462 Fed.Appx 780, 783 (10th Cir. 2012) (Congress did not abrogate states' Eleventh Amendment immunity when it enacted §§ 1981, 1983, 1985, and 1986). Second, Plaintiff does not allege in his Complaint that the State of New Mexico waived its Eleventh Amendment immunity in this case.

The other two statutes upon which Plaintiff asserts jurisdiction, 42 U.S.C. §§ 2000dd and 2000dd-0, prohibit "cruel, inhuman, or degrading treatment or punishment of persons under custody or control of the United States Government" and therefore do not provide a basis for jurisdiction over the State of New Mexico.

It appears the Court should dismiss Plaintiff's claims against the State of New Mexico because the Complaint does not show that Court has jurisdiction over those claims.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

The Court orders Plaintiff to show cause why the Court should not dismiss her claims against the State of New Mexico for lack of jurisdiction.  If Plaintiff asserts the Court should not dismiss the claims against the State of New Mexico, then Plaintiff must file an amended complaint alleging facts supporting jurisdiction over this action against the State of New Mexico.

**Failure to State a Claim against Defendant Vasquez**

"[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; *when* the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added).  The Complaint fails to state a claim against Defendant Vasquez because it does not state when Defendant Vasquez performed the alleged unlawful arrest.

Furthermore, it appears that the Complaint fails to state a claim against Defendant Vasquez for unlawful arrest.  The Complaint states that Defendant Vasquez arrested Plaintiff pursuant to a warrant.  Plaintiff's allegations that she had paid the ticket and had the receipt on her phone do not appear to be sufficient to state a claim for unlawful arrest.  *See Romero v. Fay*, 45 F.3d 1472, 1480-

81 (10th Cir. 1995) ("a police officer does not commit false imprisonment merely by arresting an individual who happens to be innocent ... 'we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence ... *The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury*'") (emphasis in original) (quoting *Baker v. McCollan*, 443 U.S. 137, 145-46 (1979) ("Respondent's innocence of the charge contained in the warrant, while relevant to a tort claim of false imprisonment in most if not all jurisdictions, is largely irrelevant to his claim of deprivation of liberty without due process of law.  The Constitution does not guarantee that only the guilty will be arrested")).

The Court orders Plaintiff to show cause why the Court should not dismiss her claims against Defendant Vasquez for failure to state a claim upon which relief can be granted.  If Plaintiff asserts the Court should not dismiss the claims against Defendant Vasquez, then Plaintiff must file an amended complaint alleging facts which state a claim against Defendant Vasquez.  The amended complaint must set forth the day, month and year of the alleged unlawful arrest.

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order: (i) show cause why the Court should not dismiss the claims against the State of New Mexico for lack of jurisdiction; (ii) show cause why the Court should not dismiss the claims against Defendant Vasquez for failure to state a claim upon which relief can be granted; and (iii) file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**