IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAULA MICHELLE GREEN,

      Plaintiff,

vs.                                                                                                              No. CIV 22-0480 JB/KRS

HECTOR VASQUEZ and
STATE OF NEW MEXICO,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, under rule 12(b)(1) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed June 30, 2022 (Doc. 1)("Complaint").  Plaintiff Paula Michelle Green appears pro se.  For the reasons set out below, the Court will: (i) dismiss the claims against Defendant Hector Vasquez for failure to state a claim; and (ii) dismiss the claims against Defendant the State of New Mexico for lack of subject-matter jurisdiction.

## PROCEDURAL BACKGROUND

On June 30, 2022, Green filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983."  Complaint at 1.  Green alleges that, while she was driving, Vasquez, a New Mexico State Police Trooper, stopped her and asked her: "[D]o you know that you are speeding in a construction zone?"  Complaint at 5.  Vasquez then told Green that "there is a warrant out for your arrest" for an unpaid ticket and that, "if you don't pay [$]330.00 you are going to jail."  Complaint at 5.  Green contends that her arrest was unlawful, because she had paid the ticket and had the receipt on her cellular telephone.  See Complaint at 3, 5.  Plaintiff states "this

happened three years ago," but does not indicate the date of the alleged unlawful arrest. Complaint at 6.

The Honorable Kevin R. Sweazea, United States Magistrate Judge for the United States District Court for the District of New Mexico, notified Green that the Court should dismiss her claims against New Mexico, because the Complaint does not show that the Court has jurisdiction over those claims:

> Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" which states jurisdiction is invoked pursuant 28 U.S.C. § 1343(3) (which provides jurisdiction to redress deprivations of civil rights) and 42 U.S.C. § 1983 (which provides a remedy for deprivations of civil rights). The form Complaint prompts Plaintiff to list other statutes if Plaintiff wishes to assert jurisdiction under statutes other than 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983. Plaintiff listed "42 SECTION 1985, U.S.C. 2000DD AND 2000DD-0." Complaint at 2.
>
> Plaintiff has not alleged facts supporting jurisdiction over her claims against the State of New Mexico. "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181. Neither exception applies in this case. "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)); *Patillo v. Larned State Hosp.*, 462 Fed. Appx 780, 783 (10th Cir. 2012)(Congress did not abrogate states' Eleventh Amendment immunity when it enacted §§ 1981, 1983, 1985, and 1986). Second, Plaintiff does not allege in his Complaint that the State of New Mexico waived its Eleventh Amendment immunity in this case.
>
> The other two statutes upon which Plaintiff asserts jurisdiction, 42 U.S.C. §§ 2000dd and 2000dd-0, prohibit "cruel, inhuman, or degrading treatment or punishment of persons under custody or control of the United States Government" and therefore do not provide a basis for jurisdiction over the State of New Mexico.

Order to Show Cause and for Amended Complaint at 1-3, filed July 8, 2022 (Doc. 5)("Order").

Magistrate Judge Sweazea notified Green:

"[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; *when* the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007)(emphasis added). The Complaint fails to state a claim against Defendant Vasquez because it does not state when Defendant Vasquez performed the alleged unlawful arrest.

Furthermore, it appears that the Complaint fails to state a claim against Defendant Vasquez for unlawful arrest. The Complaint states that Defendant Vasquez arrested Plaintiff pursuant to a warrant. Plaintiff's allegations that she had paid the ticket and had the receipt on her phone do not appear to be sufficient to state a claim for unlawful arrest. *See Romero v. Fay*, 45 F.3d 1472, 1480-81 (10th Cir. 1995)("a police officer does not commit false imprisonment merely by arresting an individual who happens to be innocent . . . 'we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence . . . . *The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury*'")(emphasis in original)(quoting *Baker v. McCollan*, 443 U.S. 137, 145-46 (1979)("Respondent's innocence of the charge contained in the warrant, while relevant to a tort claim of false imprisonment in most if not all jurisdictions, is largely irrelevant to his claim of deprivation of liberty without due process of law. The Constitution does not guarantee that only the guilty will be arrested")).

Order at 3-4.

Magistrate Judge Sweazea ordered Green to

(i) show cause why the Court should not dismiss the claims against the State of New Mexico for lack of jurisdiction; (ii) show cause why the Court should not dismiss the claims against Defendant Vasquez for failure to state a claim upon which relief can be granted; and (iii) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

Order at 4.

Green filed a one-page letter with nineteen pages of attachments. See Supporting Documents for Case 22-CV-000480-001 KRS, filed July 29, 2022 (Doc. 7)("Letter"). The Letter does not show cause why the Court should not dismiss Green's claims against New Mexico for lack of subject-matter jurisdiction, nor does the Letter show cause why the Court should not

dismiss Green's claims against Vasquez for failure to state a claim. Green has not filed an amended complaint.

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the Court can reasonably read the pleadings to state a valid claim on which [the plaintiff] could prevail, it should do so despite [his or her] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. The Court, however, will not "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110. "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING RULE 12(b)(1)

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." Henry v. Office of Thrift Supervision, 43 F.3d 507, 511 (10th Cir. 1994)(citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986); United States v. Nixon, 418 U.S. 683 (1974); Tafoya v. U.S. Dep't of Justice, Law Enf't Assistance Admin., 748 F.2d 1389, 1390 (10th Cir. 1984)). A plaintiff generally bears the burden of demonstrating the court's jurisdiction to hear his or her claims. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 104 (1998)("[T]he party invoking federal jurisdiction bears the burden of establishing its existence."). Because "federal courts are courts of limited jurisdiction, we presume no jurisdiction

exists absent an adequate showing by the party invoking federal jurisdiction." U.S. ex rel. Hafter v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999).

exists absent an adequate showing by the party invoking federal jurisdiction." U.S. ex rel. Hafter v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999). Rule 12(b)(1) allows a party to raise, by motion, the defense of the court's "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1).

The United States Court of Appeals for the Tenth Circuit has held that motions to dismiss for lack of subject-matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject-matter jurisdiction; or (2) a challenge to the actual facts upon which subject-matter jurisdiction is based." Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002). On a facial attack, a plaintiff enjoys safeguards similar to those provided in opposing a rule 12(b)(6) motion: the court must consider the complaint's allegations to be true. See Ruiz v. McDonnell, 299 F.3d at 1180; Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir.), cert. denied, 454 U.S. 897 (1981). When the attack is factual, however,

> a district court may not presume the truthfulness of the complaint's factual allegations. [*Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990)]. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). *Id.*; *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir.), *cert. denied*, 484 U.S. 986 . . . (1987). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995). See World Fuel Servs., Inc. v. Nambe Pueblo Dev. Corp., 362 F. Supp. 3d 1021, 1086-87 (D.N.M. 2019)(Browning, J.); Alto Eldorado Partners v. City of Santa Fe, No. CIV 08-0175 JB/ACT, 2009 WL 1312856, at *8-9 (D.N.M. March 11, 2009)(Browning, J.), aff'd on other grounds by 634 F.3d 1170 (10th Cir. 2011). The United States Court of Appeals for the Fifth Circuit has stated:

> "[T]he trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction -- its very power to hear the case -- there is substantial authority that the trial court is free

> to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."

Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir. 1981)(quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

When making a rule 12(b)(1) motion, a party may go beyond the complaint's allegations to challenge the facts upon which jurisdiction depends and may do so by relying on affidavits or other evidence properly before the court. See New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495, 1499 (10th Cir. 1995); Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995). In those instances, a court's reference to evidence outside the pleadings does not convert necessarily the motion to a rule 56 motion for summary judgment. See Holt v. United States, 46 F.3d at 1003 (citing Wheeler v. Hurdman, 825 F.2d 257, 259 n.5 (10th Cir. 1987)). Where, however, the court determines that the jurisdictional issues a rule 12(b)(1) motion raises are intertwined with the case's merits, the court should resolve the motion under either rule 12(b)(6) or rule 56. See Franklin Sav. Corp. v. United States, 180 F.3d at 1129; Tippett v. United States, 108 F.3d 1194, 1196 (10th Cir. 1997). "When deciding whether jurisdiction is intertwined with the merits of a particular dispute, 'the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim.'" Davis ex rel. Davis v. United States, 343 F.3d 1282, 1296 (10th Cir. 2003)(quoting Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1324 (10th Cir. 2002)). "When subject-matter jurisdiction is dependent upon the same statute which provides the substantive claim in the case, the jurisdictional claim and the merits are considered to be intertwined." Garcia v. United States, No. CIV 08-0295 JB/WDS, 2009 WL

1300938, at *9 (D.N.M. March 30, 2009)(Browning, J.)(citing Wheeler v. Hurdman, 825 F.2d at 259; Holt v. United States, 46 F.3d at 1003).

### LAW REGARDING SUA SPONTE DISMISSAL UNDER RULE 12(b)(6)

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)("Twombly"). While dismissal under rule 12(b)(6) generally follows a motion to dismiss, a district court may dismiss a case sua sponte under rule 12(b)(6) "'when it is patently obvious that the plaintiff could not prevail on the facts alleged.'" Andrews v. Heaton, 483 F.3d 1070, 1074 n.2 (10th Cir. 2007)(quoting McKinney v. State of Okla., Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir.1991)). See also 28 U.S.C. § 1915(e)(2)(B)(ii).

### LAW REGARDING 42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable . . . .

42 U.S.C. § 1983. Section 1983 creates only the right of action; it does not create any substantive rights, and substantive rights must come from the Constitution or from a federal statute. See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983 'did not create any substantive rights, but merely enforce[s] existing constitutional and federal statutory rights . . . .'" (second alteration added by Nelson v. Geringer)(quoting Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d

1186, 1197 (10th Cir. 1998))).  Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violated the claimant's federally protected rights.  To state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).  The Court has noted:

> [A] plaintiff "must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Pub. Sch. Dist., 716 F. Supp. 2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(second alteration in original)(quoting Martinez v. Martinez, No. CIV 09-0281 JB/KBM, 2010 WL 1608884, at *11 (D.N.M. March 30, 2010)(Browning, J.)).

The Supreme Court of the United States of America has clarified that, in alleging a § 1983 action against a government agent in their individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Ashcroft v. Iqbal, 556 U.S. at 676.  Consequently, there is no respondeat superior liability under § 1983.  See Ashcroft v. Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens*[1] and § 1983 suits, a plaintiff must plead that each Government-official

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens"), the Supreme Court of the United States of America held that a violation of the Fourth Amendment of the Constitution of the United States "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." 403 U.S. at 389.  Thus, in a Bivens action, a plaintiff may seek damages when a federal officer acting in the color of federal authority violates the plaintiff's constitutional rights.  See Bivens, 403 U.S. at 389.  See also Ashcroft v. Iqbal, 556 U.S. at 675-76 (stating that Bivens actions are the "federal analog" to § 1983 actions).

defendant, through the official's own individual actions, has violated the Constitution."); Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Entities cannot be held liable solely on the basis of the existence of an employer-employee relationship with an alleged tortfeasor.  See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 689 (1978).  Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts.  See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability.  See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012); Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006).  The Tenth Circuit also recognizes that Ashcroft v. Iqbal limited, but did not eliminate, supervisory liability for government officials based on an employee's or subordinate's constitutional violations.  See Garcia v. Casuas, No. CIV 11-0011 JB/RHS, 2011 WL 7444745, at *25-26 (D.N.M. December 8, 2011)(Browning, J.)(citing Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)).  The language that may have altered the landscape for supervisory liability in Ashcroft v. Iqbal is: "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Ashcroft v. Iqbal, 556 U.S. at 676.  The Tenth Circuit in Dodds v. Richardson stated:

> Whatever else can be said about *Iqbal*, and certainly much can be said, we conclude the following basis of § 1983 liability survived it and ultimately resolves this case: § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights . . . secured by the Constitution . . . ."

Dodds v. Richardson 614 F.3d at 1199 (quoting 42 U.S.C. § 1983). The Tenth Circuit has noted, however, that "*Iqbal* may very well have abrogated § 1983 supervisory liability as we previously understood it in this circuit in ways we do not need to address to resolve this case." Dodds v. Richardson, 614 F.3d at 1200. It concludes that Ashcroft v. Iqbal does not alter "the Supreme Court's previously enunciated § 1983 causation and personal involvement analysis." Dodds v. Richardson, 614 F.3d at 1200. More specifically, the Tenth Circuit recognizes that there must be "an 'affirmative' link . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . . -- express or otherwise -- showing their authorization or approval of such misconduct.'" Dodds v. Richardson, 614 F.3d at 1200-01 (quoting Rizzo v. Goode, 423 U.S. 362, 371 (1976)).

The specific example that the Tenth Circuit uses to illustrate this principle is Rizzo v. Goode, where the plaintiff sought to hold a mayor, a police commissioner, and other city officials liable under § 1983 for constitutional violations that unnamed individual police officers committed. See Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371). The Tenth Circuit notes that the Supreme Court in that case found a sufficient link between the police misconduct and the city officials' conduct, because there was a deliberate plan by some of the named defendants to "'crush the nascent labor organizations.'" Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).

## **ANALYSIS**

Having carefully reviewed the Complaint, and the relevant law, the Court concludes that: (i) it does not have subject-matter jurisdiction over Green's claims against New Mexico; and (ii) Green does not state a claim against Vasquez. The Court, therefore, will dismiss Green's

claims against New Mexico without prejudice, and dismiss her claims against Vasquez with prejudice.  The Complaint does not demonstrate the Court's jurisdiction to hear Green's claims against New Mexico.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 104 (1998)("[T]he party invoking federal jurisdiction bears the burden of establishing its existence."); U.S. ex rel. Hafter v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999)("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction.").  The Complaint does not state a § 1983 claim against Vasquez, because there are no allegations that Vasquez violated a right secured under federal law.  See West v. Atkins, 487 U.S. 42, 48 (1988)(holding that, to state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law.).

After notifying Green that the Complaint does not demonstrate the Court's jurisdiction over her claims against the State of New Mexico and does not state § 1983 claims against Vasquez, Magistrate Judge Sweazea ordered Green to show cause why the Court should not dismiss her claims and to file an amended complaint.  See Order at 4.  The deadline to amend was July 29, 2022.  See Order at 4.  Green's Letter in response to Magistrate Judge Sweazea's Order does not show cause why her claims should not be dismissed.  Green has not filed an amended complaint.  The Court, therefore, will dismiss Green's claims against the State of New Mexico without prejudice pursuant to rule 12(b)(1); and dismiss Green's claims against Vasquez with prejudice pursuant to rule 12(b)(6).

**IT IS ORDERED** that: (i) Plaintiff Paula Green's claims against Defendant State of New Mexico are dismissed without prejudice; and (ii) Green's claims against Defendant Hector Vasquez are dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Paula Michelle Green
Wilmington, North Carolina

    *Plaintiff pro se*